IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JUNIOR WILLIAMS,

    Plaintiff,

  v.

DALY CITY POLICE OFFICERS
C. AUSTRIA and M. PRICE,

    Defendants.

_____/

No. C 02-02745 JSW

**ORDER GRANTING PLAINTIFF'S MOTION TO VACATE JUDGMENT**

Now before the Court is the motion of plaintiff Junior Williams to vacate the Court's order dated March 10, 2004 dismissing the action. Having carefully reviewed Plaintiff's papers, having received no opposition from Defendants, and having considered the arguments and relevant legal authority, and good cause appearing, the Court hereby GRANTS Plaintiff's motion. The Court finds the present motion appropriate for decision without oral argument. *See* Civil L.R. 7-1(b). Therefore, the hearing date of June 10, 2005 at 9:00 a.m. is HEREBY VACATED.

Federal Rule of Civil Procedure 60(b) grants district courts discretion to relieve a party from a judgment or order for reason of "mistake, inadvertence, surprise, or excusable neglect," provided that the party moves for such relief not more than one year after the judgment was entered. The rule "guides the balance between the overriding goal of deciding cases correctly, on the basis of their legal and factual merits, with the interest of both litigants and the courts in the finality of judgments. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir.

1  2001) (citing *Pena v. Seguros La Comercial*, 770 F.2d 811, 814 (9th Cir. 1985)). The rule
2  fashions the balance by both limiting the reasons upon which relief from judgment may be
3  granted and by setting the time by which a party may seek relief, while also providing district
4  courts "with discretion within those limits to undo the finality of judgments in order to reach the
5  merits of questions that have been decided wrongly or not at all." *Id.*

6  Plaintiff's counsel has demonstrated sufficient facts to establish his mistake and
7  inadvertence for his failure to appear at the status conference set before this Court on March 4,
8  2005. The calendaring mistake by his legal assistant while counsel was at trial was unfortunate
9  and should not be repeated in the future, but was an inadvertent mistake. Plaintiff had, until that
10 juncture, diligently prosecuted this case through a motion for summary judgment on and a
11 motion to amend the complaint.[1] Although the Court admonishes counsel to follow all court
12 orders and to work effectively with opposing counsel to prepare filings for the Court, in the
13 interests of resolving this case on the merits, the Court HEREBY VACATES the order dated
14 March 10, 2005 dismissing the case. *See* Fed. R. Civ. P. 60(b).

15 The Clerk shall reopen the file and the parties should work expeditiously toward moving
16 the case forward. To that end, and absent a showing of good cause to change dates, this Court
17 HEREBY ORDERS the following deadlines:

- Last day to complete settlement conference before a Magistrate Judge: September 30, 2005;
- Last day to conduct fact discovery: September 30, 2005;
- Further case management conference: September 30, 2005 at 1:30 p.m.;
- Last day to disclose experts: November 22, 2005;
- Last day to conduct expert discovery: December 17, 2005;
- Last day to hear dispositive motions: January 6, 2006 at 9:00 a.m.

---

[1] To that end, Plaintiff is on notice that, contrary to his representations in his current motion, the Court's order dated December 9, 2003, denying Defendants' motion for summary judgment does not establish liability. (*See* Motion at 3.) The ruling denying summary judgment was confined to the narrow issue of qualified immunity and, at that stage in the proceedings, the Court was "required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). Should this case proceed to trial, Plaintiff bears the burden of proof on both liability and damages.

2

- Pretrial conference: Monday, March 20, 2006 at 2:00 p.m.
- Trial to commence: Monday, April 10, 2006 at 8:30 a.m.

**IT IS SO ORDERED.**

Dated: May 31, 2005                                    /s/ Jeffrey S. White
                                                                          JEFFREY S. WHITE
                                                                          UNITED STATES DISTRICT JUDGE