IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JUNIOR WILLIAMS,

    Plaintiff,

  v.

DALY CITY POLICE OFFICERS
C. AUSTRIA and M. PRICE,

    Defendants.
_____/

No. C 02-02745 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON MARCH 10, 2006 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civ. L.R. 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court tentatively DENIES Defendants' motion for summary judgment and tentatively DENIES Defendants' motion to strike.

The parties shall have 25 minutes each to address the following questions:

1. On December 9, 2003, this Court issued an order denying Defendants' motion for summary judgment based on qualified immunity. The facts uncovered through discovery do not appear to change significantly the factual allegations in Plaintiff's amended complaint. On what basis should the Court reconsider its denial of the defense of qualified immunity based on the facts now presented?

2. Defendants contend that Plaintiff attempts to state a claim under 42 U.S.C. § 1981. (Motion at 6-7.) The amended complaint filed on July 19, 2004 does not contain such a claim. Does Plaintiff intend to state a claim under 42 U.S.C. § 1981 or only a claim under 42 U.S.C. § 1983?

3. Defendants contend that there is no fact in the record to demonstrate that the officers acted with racial animus. (Motion at 7.) Does the factual contention by Plaintiff that he was called racially derogatory names during the course of his arrest create a dispute of fact as to whether the officers acted with racial animus? (*See* Plaintiff's Deposition at 23 (attached as Exhibit E to Opposition).)

4. What evidence, if any, has Plaintiff amassed to indicate that the alleged use of force by the individual officers is representative of a repeated course of conduct by Daly City police officers tantamount to a custom or practice? On what ground do Defendants contend that Plaintiff may not maintain a *Monell* cause of action where the officers have been sued in their official capacities? (*See, e.g., Monell v. New York Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).)

5. If the Court finds that the officers are not entitled to qualified immunity for the 42 U.S.C. § 1983 claims, on what basis do Defendants maintain that the California Government Code affords them discretionary immunity for the alleged use of unreasonable force in making an arrest? (*See, e.g., Robinson v. Solano County*, 278 F.3d 1007, 1016 (9th Cir. 2002); *Scruggs v. Haynes*, 252 Cal. App. 2d 256, 265 (1967).)

6. Would any possible prejudice to Defendants of the late disclosure of Frank Saunders be remedied by a brief and limited extension of time for the sole purpose of deposing Mr. Saunders? Have the documents relied upon by Defendants' experts been produced to Plaintiff?

7. Is there anything further the parties wish to address?

**IT IS SO ORDERED.**

Dated: March 9, 2006

*Jeffrey S. White*
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE