IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNIOR WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>DALY CITY POLICE OFFICERS C. AUSTRIA and M. PRICE,<br><br>    Defendants.<br>_____ / | No. C 02-02745 JSW<br><br>**ORDER VACATING DATES AND SETTING CASE MANAGEMENT CONFERENCE** |

On May 2, 2006, the Court received notice of Plaintiff's death by a suggestion of death filed by Plaintiff's attorney pursuant to Federal Rule of Civil Procedure 25(a)(1).[1]

There are several upcoming dates on this matter, including: (1) Plaintiff's motion to amend the complaint set for hearing on May 12, 2006, at 9:00 a.m. (for which no reply has been filed); (2) a pretrial conference set for May 22, 2006 at 2:00 p.m.; and (3) a jury trial set to commence on June 19, 2006 at 8:30 a.m. In light of Plaintiff's death, the Court HEREBY VACATES all three dates. The Court will, however, conduct a further case management conference on May 12, 2006 at 9:00 a.m. to address whether this case will proceed and, if so, who may be substituted in as the proper party.

---

[1] Plaintiff's attorney's filing of the notice to this Court was improper because it was not filed by a party or by a successor or representative of the deceased party. *See Fehrenbacher v. Quackenbush*, 759 F. Supp. 1516, 1518 (D. Kan. 1991) (quoting Charles A. Wright et al., Federal Practice and Procedure § 1955 at 545 (2d ed. 1986)) ("The attorney for the deceased party may not make the suggestion of death since he is not himself a party to the action and, since his authority to represent the deceased terminated on the death, he is not a 'representative of the deceased party' of the sort contemplated by the rule."); *Rende v. Kay*, 415 F.2d 983, 985 (D.C. Cir. 1969) (holding that "[a]lthough the attorney for the defendant was retained to 'represent' the deceased as his counsel, he is not a person who could be made a party, and is not a 'representative of the deceased party' in the sense contemplated by Rule 25(a)(1)").

Should the case proceed, the parties should be prepared to discuss the setting of expedited dates for: (1) briefing and a hearing on a motion to substitute; (2) a hearing on Plaintiff's pending motion to amend; (3) the pretrial conference; and (4) the jury trial. Due to the circumstances, the parties shall have until Wednesday, May 10, 2006 to submit a joint case management conference statement.

**IT IS SO ORDERED**.

Dated: May 3, 2006

*Jeffrey S. White*
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE
by Honorable Martin J. Jenkins